# EXHIBIT A



**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**

| | | |
|---|---|---|
| WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN | FRANCIS J. BALINT, JR. |
| VAN BUNCH | ROBERT J. SPURLOCK | C. KEVIN DYKSTRA |
| ELAINE A. RYAN | ANDREW Q. EVERROAD | PATRICIA N. SYVERSON |
| KIMBERLY C. PAGE | CHRISTINA L. PUSATERI | MANFRED P. MUECKE[1] |
| WILLIAM F. KING | T. BRENT JORDAN[2] | TY D. FRANKEL |
| CARRIE A. LALIBERTE | LISA T. HAUSER | NADA DJORDJEVIC[3] |
| ANDREA M. WRIGHT | | |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in Pennsylvania
[3] Admitted Only in Illinois

May 13, 2019

<u>**VIA CERTIFIED MAIL**</u>
<u>**(RECEIPT NO 7014 1200 0001 5814 0730)**</u>

Nestle Purina PetCare Company
General Counsel
1 Checkerboard Square
St. Louis, MO 63164

      Re:    *Myers, et al. v. Nestle Purina PetCare Company*

Dear Sir or Madam:

      Our law firm together with Goldman Scarlato & Penny P.C., Zaremba Brown PLLC, and Robbins Geller Rudman & Dowd LLP represent California plaintiff Lori Myers, as well as other plaintiffs and all other consumers similarly situated in an action against Nestle Purina PetCare Company ("Nestle" or "Defendant"), arising out of, *inter alia*, misrepresentations by Defendant to consumers that your Fancy Feast tuna products[1] are "Dolphin Safe" (the "dolphin-safe representations").

---

[1] The "Fancy Feast tuna products" include: (1) Classic Pate Ocean Whitefish & Tuna; (2) Grilled Ocean Whitefish & Tuna in Gravy; (3) Grilled Tuna Feast in Gravy; (4) Flaked Chicken & Tuna Feast; (5) Flaked Tuna & Mackerel Feast; (6) Flaked Tuna Feast; (7) Flaked Chicken & Tuna; (8) Gourmet Naturals Tuna in Gravy; (9) Gourmet Naturals Trout & Tuna Pate; (10) Medleys Tuna Primavera with Garden Veggies & Greens in a Classic Sauce; (11) Medleys Tuna Florentine with Garden Greens in a Delicate Sauce; (12) Medleys Tuna & Shrimp Recipe with Wild Rice in Gravy; (13) Medleys White Meat Chicken & Tuna Recipe with Wild Rice & Spinach in Broth; (14) Medleys Ocean Whitefish & Tuna Florentine Pate with Cheese & Garden Greens; (15) Medleys Tuna Tuscany with Long Grain Rice & Garden Greens in a Savory Sauce; (16) Medleys Shredded Tuna Fare with Garden Greens in a Savory Broth; (17) Wet Cat Food Complement Classic Tuna & Vegetable Broths; (18) Gravy Lovers Ocean Whitefish & Tuna in Sautéed Seafood Flavor Gravy; (19) Purely Fancy Feast Natural Flaked SkipJack Tuna in Delicate Broth; (20) Purely Fancy Feast Natural White Meat Chicken & Flaked Tuna in a Delicate Broth; (21) Purely Fancy Feast Natural Tender Tongol Tuna in a Delicate Broth; (22) Light Meat Tuna Appetizer with Scallop Cat Food Topper in a Delicate Broth; (23) Delights with Cheddar Grilled Tuna & Cheddar Cheese in Gravy; and (24) Creamy Delights Tuna Feast. Plaintiffs reserve the right to add more products upon completion of discovery.

May 13, 2019
Page 2

      Ms. Myers, the other named plaintiffs, and others similarly situated purchased the Fancy Feast tuna products unaware that Defendant's dolphin-safe representations are false, misleading, and/or reasonably likely to deceive the public. The dolphin-safe representations are false and misleading because the tuna in Defendant's Fancy Feast tuna products is caught using fishing methods that kill or harm substantial numbers of dolphins and Defendant's Fancy Feast tuna products are not sustainably sourced. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

      Defendant's dolphin-safe representations are false and misleading and constitute unfair methods of competition and unlawful practices, undertaken by Defendant with the intent to induce the consuming public to purchase the Fancy Feast tuna products. The dolphin-safe representations do not assist consumers; they simply mislead them.

      Defendant's dolphin-safe representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivision:

> (5) Representing that [the Fancy Feast tuna products have] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.
>
> * * *
>
> (7) Representing that [the Fancy Feast tuna products] are of a particular standard, quality, or grade … if they are of another.

California Civil Code §§1770(a)(5), (7).

      Defendant's dolphin-safe representations also constitute violations of California Business and Professions Code §17200, *et seq.*, and other state consumer fraud laws.

      While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our clients and all others similarly situated that Nestle immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Nestle should offer to refund the purchase price to all consumer purchasers of the Fancy Feast tuna products plus reimbursement for interest, costs, and fees.

      Plaintiffs will, after 30 days from the date of this letter, file a further amended Complaint as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Nestle address these

May 13, 2019
Page 3

violations immediately.

Neslte must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

    1.    Identify or make a reasonable attempt to identify purchasers of the Fancy Feast tuna products;

    2.    Notify all such purchasers so identified that upon their request, Nestle will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Fancy Feast tuna products, plus interest, costs and fees;

    3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all tuna product purchasers who so request; and

    4.    Cease from representing to consumers that the Fancy Feast tuna products are "Dolphin Safe," when they are not, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

*[signature]*

Patricia N. Syverson
For the Firm

PNS:td
Enclosures